IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ROSALINDA DELGADO, Individually and on behalf of the Estate of JORGE ALBERTO MEZA, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. L – 04 – CV – 182 |
| WEBB COUNTY, TEXAS; WEBB COUNTY SHERIFF'S DEPARTMENT; and WEBB COUNTY SHERIFF JUAN GARZA, Individually and in his Official Capacity, | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) and Motion for Replead [Doc. No. 18]. The Plaintiff filed a Response [Doc. No. 21]; the Defendants, in turn, filed a Reply to that response [Doc. No. 23].

### I. Background

The Plaintiff Rosalinda Delgado filed suit for herself and her deceased son, Jorge Alberto Meza, on December 30, 2004 against Defendants Webb County, Texas, the Webb County Sheriff's Department, and Webb County Sheriff Juan Garza [Doc. No. 1]. The Plaintiff's first claim is brought pursuant to 42 U.S.C. § 1983 and alleges seven specific acts or omissions committed by the defendants, to wit:

1) failing to maintain a drug free jail;
2) wrongfully providing drugs to an inmate;
3) wrongfully providing drug paraphernalia to an inmate;
4) failing to properly supervise its employees;
5) failing to properly train its employees


6) failing to implement measures, after having knowledge, to insure that illegal drugs were not readily available to inmates; and
7) other acts and/or omissions.

[Doc. No. 1, p. 4].

The Plaintiff's § 1983 claims are based on alternative theories. The first imputes an unconstitutional practice to the Defendants of sanctioning the "custom, practice, and/or policy or procedure of allowing or providing drugs in the jail." *Id.* Alternatively, the Plaintiff accuses the Defendants of failing to adopt a policy that "preclude[s] drugs in the jail." *Id.* A final § 1983 claim alleges that Defendant Webb County failed to adequately train prison personnel, thereby evidencing "deliberate indifference to the rights of persons in the care of the deputies." *Id.* at p. 5.

The Plaintiff's second general claim is for damages based on the wrongful death of Jorge Alberto Meza. The specific factual allegations are identical to those listed above and are, according to the Plaintiff, "incorporated into the aforementioned § 1983 claim pursuant to § 1988." *Id.* at p. 6.

## II. Webb County Sheriff's Department

Rule 17(b) of the Federal Rules of Civil Procedure directs, in pertinent part, that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Texas state law focuses the question on whether the servient entity – here, the Sheriff's Department – has been granted the capacity to "sue and to be sued." *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991)(citing *Fazekas v. Univ. of Houston,* 565 S.W.2d 299, 302 (Tex.App.-Houston[1st Dist.] 1978, writ ref'd n.r.e.) *appeal dismissed*, 440 U.S. 952 (1979). In order for a plaintiff to sue a city department, it must "enjoy a separate legal existence." *Darby*, 939 F.2d at 313 (citing *Mayes v. Elrod*, 470 F.Supp. 1188, 1192 (N.D. Ill. 1979)). Therefore,

"unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id*.

Defendant Webb County has not granted the Sheriff's Department the jural authority necessary to sue or be sued. Therefore, the Sheriff's Department is not a proper defendant. The Plaintiff claims that "[c]apacity to sue, however, can be waived." The case they cite for this proposition, however, is inapposite. Rather than standing for the proposition that participation in prior litigation confers status as a jural entity, *Nootsie, Ltd. V. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996) suggests that "*an argument* that an opposing party does not have the capacity to participate in a suit can be waived."(emphasis added). *Nootsie* deals with a party's compliance with Texas Rule of Civil Procedure 93(1), which requires that a party file a verified pleading if that party seeks to argue that "the plaintiff has not legal capacity to be sued." If the party fails to comply with Rule 93's mandate, then any complaint about the capacity of the opposing party is waived. In addition to a dissimilar procedural posture from the instant case, *Nootsie* contemplates the waiver of the complaint of lack of capacity, not the waiver of capacity to be sued. Therefore, the Sheriff's Department of Webb County is not a proper jural entity; the Plaintiff's claims against Defendant Webb County Sheriff's Office are hereby **DISMISSED WITH PREJUDICE.** In addition, because an official capacity suit is essentially a suit against the governmental entity – rather than the official himself – the inclusion of Juan Garza as a defendant in his official capacity is redundant. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985)("an official capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Therefore, any claims against Juan Garza in his official capacity were already encapsulated within the claims alleged against the County itself. The Defendants request

3

that "the allegations against Defendant Juan Garza, in his official capacity, [] be dismissed, and Webb County substituted as the real party of interest." [Doc. No. 18, p. 3].  For purposes of clarity, the Defendant's request is hereby **GRANTED;** all claims against Defendant Juan Garza in his official capacity are hereby **DISMISSED WITH PREJUDICE.**

### III. 12(b)(6) Standard

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. FED. R. CIV. P. 12(b)(6).  The United States Supreme Court set out the standard for determining the sufficiency of a complaint under 12(b)(6): "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Grisham v. United States,* 103 F.3d 24, 25-26 (5th Cir. 1997).

The plaintiff's claim, however, is required under *Conley* to be stated with sufficient clarity to enable the opposing party to determine whether the claim is sufficiently alleged. *Ellito v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989).  Further, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec. Inc.,* 94 F.3d 189, 194 (5th Cir. 1996).  This is consistent with the well-established policy that the plaintiff be given every opportunity to state a claim. *Barnes v. Barnes*, 2004 WL 691202 at *5 (N.D. Tex. March 30, 2004)(citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

Thus, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs. Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1137 (5th Cir. 1992).  Finally, when considering a

12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *Barnes*, 2004 WL 691202 at *5 (citing *Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir. 1994)).

### IV. § 1983 Claims

Section 1983 does not itself create substantive rights, but simply provides remedies for rights "established under the Constitution or federal laws." *Hernandez ex rel. Hernandez v. Texas Dept. of Protective and Regulatory Services*, 380 F.3d 872, 879 (5th Cir. 2004); *see also Felton v. Polles*, 315 F.3d 470, 479 (5th Cir. 2002)(Section 1983 is not a source of substantive rights; "instead, it provides a method for vindicating federal rights elsewhere conferred"). Therefore, "'an underlying constitutional or statutory violation is a predicate to liability under § 1983.'" *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997)(quoting *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989)).  Consequently, the "threshold issue presented by any case arising under Section 1983 is whether a plaintiff has sufficiently alleged a deprivation of a right secured by the Constitution." *Hernandez*, 380 F.3d at 879 (citing *Baker v. McCollan*, 443 U.S. 137, 140 (1979)).

In the instant case, the complaint indicates that the alleged constitutional violations arise under the Eighth Amendment and Fifth Amendments: "Plaintiffs allege that Defendants, jointly and/or severally, deprived Jorge Alberto Meza of his Eighth Amendment rights, and those rights, privileges, and immunities secured by the Fifth Amendment to the Constitution." [Doc. No. 1, p. 3].

The Defendant[1], in a portion of the motion entitled "Negligence is not a Deprivation of Civil Rights," moves for a 12(b)(6) dismissal based on the fact that "negligence will not support a civil rights claim." [Doc. No. 18, p. 4].  The Defendant states that the Plaintiff "makes the

---

[1] At this point the only remaining Defendant is Webb County.

assertion that 'negligent and wrongful acts of the Defendants [] proximately caused the death of Jorge Alberto Meza.'" [Doc. No. 18, p. 4 (citing Doc. No. 1, ¶ 14].  The Plaintiff does indeed make this assertion in her complaint; however, the language cited is from the section entitled "Second Claim for Relief – Wrongful Death Damages," which appears to deal with state law tort claims, as opposed to the section entitled "First Claim for Relief -- § 1983," which, as the title states, deals with the § 1983 claims.  Nowhere under the § 1983 portion of the complaint is the word negligence mentioned.  However, the Defendant moves for dismissal based on the fact that the Plaintiff is pursuing a negligence claim under § 1983.  The Plaintiff does her part to perpetuate this perception; her response to the Defendants' motion to dismiss includes a section entitled "Negligence and Wrongful Acts are a Deprivation of Civil Rights." [Doc. No. 21, p. 3].

     Complicating the matter further is the fact that both parties frequently cite and quote caselaw dealing with the "deliberate indifference" standard.  The seminal case *Estelle v. Gamble,* 429 U.S. 97, 105 (1976), examined the requirements of the Eighth Amendment as it applied to medical care provided to prisoners, concluding that "deliberate indifference to prisoner's serious illness or injury states a cause of action under § 1983."  In a more general context, "'[i]t is *obduracy and wantonness, not inadvertence or error in good faith*, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" *Wilson v. Seiter*, 501 U.S. 294, 299 (1991)(citing *Whitley v. Albers*, 475 U.S. 312 (1986))(emphasis in *Wilson*).

     Thus, to make a successful claim based on prison conditions under § 1983, a plaintiff must allege and prove deliberate indifference on the part of the defendant prison.  In making this claim, "a plaintiff must further prove that the alleged constitutional deprivation was not the result

of mere negligence." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  Indeed, "[t]he negligent deprivation of life, liberty or property is not a constitutional violation." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995).   The Plaintiff argues that negligence is in fact a viable basis for a § 1983 claim, averring that *Hare v. City of Corinth*, 135 F.3d 320 (5th Cir. 1998) provides the "negligence standard" for the Fifth Circuit.  Though the Plaintiff misquotes *Hare*, the mistake is largely immaterial.  The relevant section reads: "a state official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk." *Hare*, 135 F.3d at 324.  The relevant standard here is "deliberate indifference," which does not fall under the rubric of negligence.

Under Texas state law, in order to establish a negligence cause of action, a party must show (1) the existence of a legal duty, (2) breach of that duty, and (3) damages proximately resulting from the breach. *San Benito Bank & Trust Co. v. Landair Travels*, 31 S.W.3d 312, 317 (Tex.App.-Corpus Christi 2000, *no pet.*)(citing *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998)).  Put another way, "negligence is the doing of an act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do, under the same or similar circumstances." Fifth Circuit Pattern Jury Instructions: Civil § 4.4 (2005).

Further, "Negligence" is defined as "any conduct that falls below the legal standard established to protect others against unreasonable risk of harm, except for conduct that is *intentionally*, wantonly, or *wilfully disregardful* of others' rights." BLACK'S LAW DICTIONARY 1061 (8th ed. 2004)(emphasis added).  "Deliberate" is defined as "carefully weighed or considered; studied, *intentional.*" RANDOM HOUSE WEBSTER'S UNABRIDGED DICTIONARY 527

7

(2nd ed. 2001)(emphasis added). For an action to rise to the level of deliberate indifference, therefore, it cannot be the result of mere negligence. The Plaintiff's conflation of the two legal standards, though it hastened the errant analytical journey on which the Defendant had embarked, does not necessarily warrant dismissal.

The Defendant, citing *Estelle,* 429 U.S. at 104, in insisting that the "Plaintiff must allege facts sufficient to support a conclusion of deliberate indifference and substantial harm," concludes that "the record in this case reflects the critical fact that Webb County personnel were not ignoring the introduction of illegal drugs into the jail." However, the Defendant neither cites to the record nor elaborates on the basis for this broad assertion. The Plaintiff, on the other hand, is correct in her assertion that Rule 8 of the Federal Rules of Civil Procedure, in pertinent part, requires nothing more than a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, there is no heightened pleading requirement for § 1983 cases which seek to impose municipal liability. *Leatherman v. Tarrant County Narcotics*, 507 U.S. 163 (1993); *cf Conley v. Gibson*, 355 U.S. 41, 47 (1957)("[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."). The Plaintiff has alleged that "Defendant Webb County is liable because it sanctioned the custom, practice, and/or policy or procedures of allowing or providing drugs in the jail . . . Defendant Webb County's unspoken policies above are a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." [Doc. No. 1, p. 4, ¶ 11]. Accordingly, the Plaintiff has stated a claim for relief under § 1983 on the basis of a deprivation of Eighth Amendment rights, insofar as that deprivation was the result

of deliberate indifference on the part of the Defendants. Therefore, regarding the Plaintiff's § 1983 claims, the Defendant's motion to dismiss is hereby **GRANTED IN PART** and **DENIED IN PART.** To the extent that the Plaintiff posits a claim under § 1983 based on the Defendant's negligence, the Defendant's Motion to Dismiss is **GRANTED** and that claim is hereby **DISMISSED WITH PREJUDICE**.[2] To the extent that the Plaintiff posits a claim under § 1983 based on deliberate indifference, the Defendant's Motion to Dismiss is **DENIED.**

Additionally, the Defendant is correct in stating that "[a] defendant cannot be held liable under § 1983 on a respondeat superior or vicarious liability basis." [Doc. No. 18, p. 4]. The Plaintiff's complaint, however, at times appears to proffer a theory of liability based on respondeat superior. For instance, the Plaintiff makes clear that "[e]ach and every act complained of herein arises from the conduct of Defendant Juan Garza while acting under the color of state law and within the scope of his office and authority as Webb County Sheriff." [Doc. No. 1, p. 2, ¶ 5]. In addition, the Plaintiff notes that "[w]henever in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendants and/or Defendants' officers, agents, servants, employees, or representatives did such act . . . with full authorization and/or ratification of the Defendant." [Doc. No. 1, p. 2, ¶ 6]. Also, the Plaintiff offers the following paradoxical and circular allegation: "each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment . . . under color of state law." [Doc. No. 1, p. 3, ¶ 9]. In addition, the Plaintiff pleads in the alternate that Defendant Webb County "is liable under § 1983 for a failure to adopt a policy to preclude drugs in the jail because such failure to adopt such a policy is one of intentional choice." [Doc. No. 1, p. 4, ¶ 12].

---

[2] Because the Defendant has not addressed the Plaintiff's § 1983 claims under the Fifth Amendment, neither will the Court.

9

Thus, the Plaintiff appears to be advancing theories of liability based on respondeat superior and based on direct liability. To the extent that the Plaintiff makes claims based on a theory of respondeat superior, the Defendant's Motion to Dismiss is hereby **GRANTED;** those claims are hereby **DISMISSED WITH PREJUDICE**.

**Texas Tort Claims Act**

The Plaintiff's second major category of claim involves an accusation of wrongful death, with attendant damages. The Defendant addresses this first as a claim arising under the Texas Wrongful Death Act. However, the Plaintiff's response to the Defendant's motion to dismiss clarifies that "the claim for wrongful death damages arises under the Texas Tort Claims act [sic] (TTCA)." [Doc. No. 21, p. 6]. Therefore, the Court need not address the Defendant's treatment of the claim under the Wrongful Death Statute, as the Plaintiff has acknowledged the claim's basis under the Texas Tort Claims Act (hereinafter TTCA).

The Defendant claims sovereign immunity under the TTCA. The Texas legislature enacted the Texas Tort Claims Act such that governmental immunity was waived only in certain circumstances. *Univ. of Texas Med. Branch at Galveston v. York,* 871 S.W.2d 175, 177 (Tex. 1994). Specifically, the TTCA holds that a governmental unit is liable for:

(1) Property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
 a) The property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
 b) The employee would be personally liable to the claimant according to Texas law; and
(2) Personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 1986).

Plaintiff argues in their response that "drugs and drug paraphernalia are corporeal, concrete and palpable, thus, certainly tangible property," [Doc. No. 21, p. 7], The Plaintiff lists seven particular factual bases which give rise to the TTCA claim:

1) failing to maintain a drug-free jail
2) wrongfully providing drugs to an inmate
3) wrongfully providing drug paraphernalia to an inmate
4) failing to properly supervise its employees
5) failing to properly train its employees
6) failing to implement measures, after having knowledge, to insure that illegal drugs were not readily available to inmates; and
7) other acts and/or omissions

[Doc. No. 1, p. 5].

In order to state a claim under the TTCA, the Plaintiff must allege: "(1) some use or misuse of tangible personal or real property; and (2) [his] personal injuries were proximately caused by the use or misuse or such property." *Salas v. Wilson Mem'l. Hosp. Dist.*, 139 S.W.3d 398, 403 (Tex. App. 2004).

The Defendant contends that grounds (1), (4), (5), (6), and (7) are "allegations of non-use," which fail to state a claim that is not barred by sovereign immunity. Indeed, "claims involving the failure to use, or the non-use of property, are not within the waiver of sovereign immunity." *Salas,* 139 S.W.3d at 403. Information does not constitute property under the TTCA such that its use or misuse would waive sovereign immunity. *Id.* The Plaintiff's claims under grounds (1), (4), (5), (6), and (7) do amount to a failure to use information – specifically the knowledge that illegal drugs were present in the prison – in order to ensure that procedures were in place to remedy the situation which allegedly gave rise to the death of Jorge Alberto Meza. Additionally, the claim of negligent supervision is not sufficient to demonstrate waiver of sovereign immunity under the TTCA. *Gainesville Mem'l. Hosp. v. Tomlinson*, 48 S.W.3d 511, 514 (Tex. App. 2001).

The remaining grounds, (2) and (3), allege that the Defendant wrongfully provided drugs and drug paraphernalia to the Plaintiff, thereby causing his injuries. The Plaintiff argues that "drugs and drug paraphernalia are corporeal, concrete and palpable, thus, certainly tangible property," [Doc. No. 21, p. 7], and therefore subject to the waiver provisions. There are numerous problems with this assertion.

First, the governmental entity itself must be the "user" in question. That is, § 101.021(2) "waives immunity for a use of personal property only when the governmental unit is itself the user." *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 245-6 (Tex. 2004). In *Cowan*, the plaintiffs alleged that the defendant hospital had "misused" a walker and suspenders by providing them to the deceased Plaintiff who used the items to hang himself. The court found that the defendant "Hospital's immunity can be waived only for its own use of [the plaintiff's] walker and suspenders, and not by [the plaintiff's] use of them." *Id.* at 246.

In the instant case, there is a similar distinction to be made between the actor who provided the property, and the actor who in fact used the property. The Plaintiff alleges that the Defendant *provided* illegal drugs and drug paraphernalia, but not that the Defendant actually *administered* the drugs. Therefore, the Plaintiff's claims do not meet the requirement that the Defendant governmental entity be the actor who made use of the tangible property which gave rise to the injury.

Second, and in a similar vein, the actions of the Defendant did not proximately cause the Plaintiff's injuries. "Property does not cause injury if it does no more than furnish the condition that makes the injury possible." *Dallas County Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998). In the instant case, the Plaintiff merely alleges that the Defendants provided – either directly or the access to – illegal drugs. However, the Plaintiff

12

does not allege that the Defendants themselves administered the drugs that led to the Plaintiff's death. Therefore, the alleged provision of drugs merely made the death possible; the actual cause of the death was the ingestion of the drugs themselves, which was apparently done by the deceased Plaintiff himself.

Furthermore, the Plaintiff's claim in its entirety seems to find fault with the Defendant's inability or disinclination to rid the prison of illegal drugs. In *Bossley*, the "real substance of the plaintiffs' complaint is that [the deceased plaintiff's] death was caused, not by the condition or use of property, but by the failure of [defendant hospital's] staff to restrain him once they learned he was still suicidal." *Id.* In the instant case, the Defendant is alleged to have failed to restrict the flow of illegal drugs such that Plaintiff found access to those drugs (or was given them by the Defendants) and administered himself a lethal dose. Similar to the case in *Bossley*, the connection between state property and the plaintiff's death was too attenuated to give rise to liability under the TTCA.

A similar issue to the instant one was addressed in *Webb County v. Sandoval*, 126 S.W.3d 264 (Tex.App.-San Antonio 2003, no pet.), where a mother alleged that her four-year-old daughter's choking death was caused by negligence in the conduct of the county's Head Start program. Citing *Bossley* for the proposition that "the requirement of causation is more than mere involvement," the Court found that "[t]he chicken nugget blocked [the deceased plaintiff's] trachea, but it was the failure to sufficiently chew the chicken nugget that caused her injuries." *Sandoval*, 126 S.W.3d at 267. The court concluded, therefore, that the county had not waived immunity under the TTCA and the Plaintiff's claim failed. The county's provision of the chicken nugget was not enough to overcome immunity under the TTCA, as the mere availability of the nugget did not cause the Plaintiff's death. Similarly, in the instant case, the mere

13

availability of drugs is not enough to waive immunity, as the actual administration of a lethal dose was the cause of death, rather than simply the presence of drugs in the prison.

Because the Plaintiff has failed to allege facts sufficient to overcome immunity under the TTCA, the Defendant's Motion to Dismiss is **GRANTED** in that the Plaintiff's TTCA claims are hereby **DISMISSED WITH PREJUDICE.**

### Personal Capacity Claims

The only remaining claims concern allegations against Sheriff Juan Garza in his personal capacity. The Defendant has asserted a defense of qualified immunity and has petitioned the Court to order a reply to the Defendant's answer pursuant to Rule 7(A) of the Federal Rules of Civil Procedure. A court may, "in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity . . . a district court's discretion not to do so is narrow indeed when greater detail might assist." *Scultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995). In the instant case, the Plaintiff's allegations do meet the requirement of a short and plain statement under the Federal Rules of Civil Procedure. However, given the Defendant's invocation of a qualified immunity defense, an additional pleading on the part of the Plaintiff is warranted. Therefore, in order to more fully vet the allegations made against Defendant Garza in his personal capacity, the Plaintiff is hereby **ORDERED**, within 21 days of the entry of this judgment, to file a response to the Defendant's answer. That response should contain facts of sufficient specificity to notify the Defendant of the factual basis of the Plaintiff's claim so as to enable the Defendant to plead qualified immunity.

### CONCLUSION

The Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART.** To the extent that the Plaintiff posits a claim under § 1983 based on the Defendant's negligence,

the Defendant's Motion to Dismiss is **GRANTED** and that claim is hereby **DISMISSED WITH PREJUDICE**.  To the extent that the Plaintiff posits a claim under § 1983 based on deliberate indifference, the Defendant's Motion to Dismiss is **DENIED.**  Also, any claims posited by the Plaintiff under § 1983 based on a theory of respondeat superior are likewise **DISMISSED WITH PREJUDICE.**

Furthermore, because the Plaintiff has failed to allege facts sufficient to overcome immunity under the TTCA, the Defendant's Motion to Dismiss is **GRANTED** such that the Plaintiff's TTCA claims are hereby **DISMISSED WITH PREJUDICE.**

Additionally, the claims against Sheriff Juan Garza in his official capacity are redundant; those claims are hereby **DISMISSED WITH PREJUDICE**, as the proper object of those claims, the County itself, is already joined as a defendant.

The claims against Sheriff Juan Garza in his personal capacity, however, warrant a Rule 7(a) reply by the Plaintiff.  Thus, the Plaintiff is hereby **ORDERED** to file, within 21 days of the filing of this order, a reply as detailed above.

Finally, the Court notes that any claims the Plaintiff has brought under the 5th Amendment remain viable.

IT IS SO ORDERED.

DONE this 17th day of January, 2006, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**